## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dianna L. B., | Case No. 19-cv-2561 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul,<br>Commissioner of Social Security, | |
| Defendant. | |

Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; and Karl E. Osterhout, Osterhout Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA, 15139 (for Plaintiff); and

Kizuwanda Curtis, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite 350, Dallas, TX, 75202 (for Defendant).

### I. INTRODUCTION

Previously, the Court granted Plaintiff Dianna L. B.'s motion for summary judgment, denied Defendant Andrew Saul's ("the Commissioner") motion for summary judgment, and remanded this matter to the Social Security Administration for further proceedings. *See generally Dianna L. B. v. Saul*, No. 19-cv-2561 (TNL), 2020 WL 4586822 (D. Minn. Aug. 10, 2020). This matter now comes before the Court on Plaintiff's petition for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. for Att'y Fees, ECF No. 25.

1

## II. ANALYSIS

Under the EAJA, "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not assert that either of these exceptions applies. Rather, the Commissioner objects to the amount of fees requested, asserting that "Plaintiff's briefing time was unreasonable." Opp'n at 3, ECF No. 28. Thus, the Court's task is to determine how many hours were reasonably spent and award attorney fees accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

Plaintiff's counsel seeks compensation for 42.1 hours of work performed at the rate of $206.00[1] per hour for a total of $8,672.60. Pet. for Att'y Fees ¶¶ 5, 6, 8. The Commissioner maintains that 35 hours of attorney time is reasonable for this matter and any additional time was not reasonably expended. Accordingly, it is the Commissioner's position that a fee award of $7,210.00 is appropriate. Opp'n at 6. In arguing that the hours requested are unreasonable, the Commissioner asserts that the issues in this case were not

---

[1] This rate was calculated using the U.S. Bureau of Labor Statistics' Consumer Price Index as proof that the cost of living has increased since the statutory rate of $125 was set, and therefore an increase to the statutory rate is warranted. Pet. for Att'y Fees ¶ 5. *See* 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). This method of rate calculation is favored by the Eighth Circuit Court of Appeals, *see, e.g., Johnson v. Sullivan,* 919 F.2d 503, 504-05 (8th Cir. 1990), and the Commissioner has not challenged its use here. Therefore, to compensate counsel properly consistent with increases in the cost of living, this Court will apply a rate of $206.00 per hour.

complex and involved common arguments routinely made in Social Security disability appeals, namely, the evaluation of opinion evidence and Plaintiff's credibility. The Commissioner further asserts that Plaintiff's counsel used "recycled arguments," "fit[ting] the facts" of this case within those arguments. Opp'n at 4-5.

The parties agree that between 20 and 40 hours is a typical compensation range for counsel experienced in Social Security litigation. Opp'n at 3 ("All parties are aware that an average EAJA award compensates from between 20-40 hours."), ("District courts in this circuit have noted that[,] as a rule of thumb, attorneys experienced in Social Security litigation are typically compensated for 30 to 40 hours."); Reply at 2 ("District courts in this circuit have observed, as acknowledged by [the Commissioner], that many Social Security appeals end up reasonably requiring between 20 and 40 hours of legal work."), ECF No. 29. Awards just outside of this range are also not uncommon. *See, e.g.*, *Cheryl J. v. Saul*, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020) (41.8 hours); *Maria L. H. v. Saul*, No. 19-cv-401 (BRT), 2020 WL 7625793, at *2 (D. Minn. May 7, 2020) (45.4 hours); *Jean P. R. E. v. Berryhill*, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 16, 2019) (45.5 hours); *Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *1-2 (D. Minn. June 14, 2018) (approximately 45 hours); *Wildey v. Berryhill*, No. 16-cv-2028 (KMM), 2018 U.S. Dist. LEXIS 45766, at *4 (D. Minn. Mar. 19, 2018) (46.6 hours); *see also Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017) (listing cases awarding between 40 and 45 hours).

The Court does not view the time requested to be unreasonable. Plaintiff's counsel did not represent her in the underlying administrative proceedings and needed to familiarize himself with the administrative record in this case, which was over 950 pages. *See* ECF Nos. 12-1 through 12-17. Moreover, the mere fact that the weight given to opinion evidence and a claimant's credibility are frequently litigated issues does not perforce mean the time Plaintiff's counsel spent briefing those issues in this case was excessive. Similarly, the Court declines to reduce the fee award simply because portions of Plaintiff's brief may resemble briefs her counsel has written in the past. At 42.1 hours, the requested compensation is well within the amount routinely awarded in this District.

The Court finds an award of 42.1 hours at a rate of $206.00 per hour for a total of $8,672.60 is reasonable and consistent with other EAJA awards in Social Security cases in this District.

[Continued on next page.]

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Counsel Petition for Attorney Fees Under the Equal Access to Justice Act, ECF No. 25, is **GRANTED**.

2. Plaintiff is awarded $8,672.60 in reasonable attorney fees, subject to offset by any preexisting debt that Plaintiff owes to the United States.

Date: February 24, 2021

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Dianna L. B. v. Saul*
Case No. 19-cv-2561 (TNL)